UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JOAN PIAZZA, on behalf of
herself and all others
similarly situated,

    Plaintiff,

v.                         Civ. No. 3:06CV00765(AWT)

FIRST AMERICAN TITLE
INSURANCE COMPANY,

    Defendant.

---

## ORDER RE MOTION TO DISMISS AND TO STRIKE CLASS CLAIMS

Plaintiff Joan Piazza ("Piazza") brings this action against First American Title Insurance Company ("First American") in a four-count Complaint alleging causes of action under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA"), a claim for fraudulent misrepresentation, a claim for negligent misrepresentation, and a claim for unjust enrichment. The defendant moves to dismiss all four counts of the complaint. For the reasons set forth below, the defendant's motion is being granted in part and denied in part and the plaintiff is being given leave to amend the complaint.

The complaint in this case is substantially similar to the complaint in Lentini v. Fidelity National Title Insurance Company of New York, 3:06cv00572(AWT). A motion to dismiss filed in that case raised many of the same issues raised in the defendant's

motion to dismiss in this case. The court issued a ruling on the motion to dismiss in <u>Lentini</u>, at Doc. No. 67 (the "Lentini Ruling"), and the analysis in the Lentini Ruling is incorporated herein by reference.

## I. Failure to Allege Facts Demonstrating Rate Eligibility

Piazza's complaint suffers from the same deficiencies as the complaint in <u>Lentini</u>, as the plaintiff has failed to allege facts sufficient to support a conclusion that she was entitled to receive the discounted refinance rate. Eligibility for the discounted rate is a prerequisite for each of the plaintiff's claims. The defendant's motion is being granted on this ground and the court's reasoning is set forth in section III.A.1. of the Lentini Ruling. The plaintiff is given leave to amend.

## II. Failure to Comply with Fed. R. Civ. P. 9(b)

The defendant argues that the fraudulent misrepresentation claim in Count II should be dismissed for failure to comply with Fed. R. Civ. P. 9(b)'s heightened pleading requirements. For the reasons set forth in section III.A.2. of the Lentini Ruling, the court concludes that the plaintiff has adequately pled an affirmative misrepresentation, i.e. misrepresenting the price of the insurance policy by charging the higher rate, but has not adequately pled a fraudulent omission, as she has not alleged facts demonstrating that the defendant had a duty to disclose. Accordingly, the defendant's motion is being granted as to the

2

fraudulent omission alleged by the plaintiff and the plaintiff is given leave to amend the complaint.

## III. Application of the Filed Rate Doctrine

The defendant argues that the filed rate doctrine precludes the plaintiff's CUTPA claim and her claims for fraudulent misrepresentation and negligent misrepresentation because the plaintiff is presumed to have knowledge of the applicable rates. For the reasons set forth in section III.B. of the Lentini Ruling, the defendant's motion to dismiss on this ground is being denied.

## IV. Standing to Bring CUTPA Claim

The defendant argues that because the plaintiff is not the insured under the title insurance policy, she does not have standing to bring a CUTPA claim. For the reasons set forth in section III.C. of the Lentini Ruling, the court disagrees, and the defendant's motion to dismiss on this ground is being denied.

## V. Failure to Allege Facts Sufficient to Support a CUTPA Violation

The defendant argues that the plaintiff has failed to allege sufficient facts to support a CUTPA claim. For the reasons set forth in section III.D. of the Lentini Ruling, the defendant's motion to dismiss on this ground is being denied.

## VI. Statute of Limitations

The defendant argues that the plaintiff seeks to represent a class of plaintiffs whose claims are barred by the statute of

limitations because they accrued prior to May 18, 2003[1].

The CUTPA claim in Count I is subject to a three-year statute of limitations. Conn. Gen. Stat. § 42-100g(f) ("An action under this section may not be brought more than three years after the occurrence of a violation of this chapter."). Likewise, the fraudulent misrepresentation claim in Count II and the negligent misrepresentation claim in Count III are subject to a three-year statute of limitations. Conn. Gen. Stat. § 52-577 ("No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.").

The defendant argues that the unjust enrichment claim in Count IV is also subject to a three-year statute of limitations. An unjust enrichment claim is an equitable cause of action, and, as the plaintiff argues, the court may exercise its discretion in determining the applicable statute of limitations. In Dunham v. Dunham, the Connecticut Supreme Court explained:

> The fallacy in the defendant's argument is his assumption that a court, acting under its equitable powers, is bound to apply the statute of limitations that governs the underlying cause of action. In fact, in an equitable proceeding, a court may provide a remedy even though the governing statute of limitations has expired, just as it has discretion to dismiss for laches an action initiated within the period of the statute. Lesser v. Lesser, 134 Con. 418, 422-23, 58 A.2d 512 (1948); Nichols v. Nichols, 79 Conn. 644, 656-57, 66 A. 161 (1907); Jeffery v. Fitch, 46 Conn. 601, 605 (1879). Although courts in equitable proceedings often look by analogy to the statute of limitations to determine whether, in the

---

[1] The court notes that the docket sheet reflects that the complaint was filed on May 17, 2006.

4

> interests of justice, a particular action should be heard,
> they are by no means obliged to adhere to those time
> limitations. <u>Lesser v. Lesser</u>, supra, 134 Conn. at 422,
> 58 A.2d 512; <u>Nichols v. Nichols</u>, supra, 79 Conn. 657;
> <u>Jeffery v. Fitch</u>, supra.

204 Conn. 303, 326-27 (1987). As the plaintiff has alleged a cause of action that affords purely equitable relief, the general principles in <u>Dunham v. Dunham</u> apply and, the court must "determine whether, in the interests of justice, a particular action should be heard." <u>Dunham</u>, 204 Conn. at 326-27.

Based on the foregoing, the court agrees with the plaintiff that consideration of this issue should be deferred. Accordingly, the defendant's motion to strike the class claims is being denied.

**VII. Conclusion**

For the reasons set forth above, First American's Motion to Dismiss and Strike Class Claims (Doc. Nos. 11 and 13) is hereby GRANTED in part and DENIED in part and the plaintiff is given leave to amend the complaint. The plaintiff shall file an amended complaint within 30 days. Within 30 days of the filing of the amended complaint, the defendant shall file any motion to dismiss addressing issues not presented by the original complaint.

It is so ordered.

Dated this 30th day of March 2007 at Hartford, Connecticut.

                                            /s/AWT
                                     Alvin W. Thompson
                            United States District Judge