# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOAN PIAZZA, on behalf of herself and all others similarly situated, | ) ) ) | |
| | ) | Civil Action No. 306-cv-765 AWT |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL

As part of the bifurcated discovery in this case, First American requested that Plaintiff produce all documents concerning her "fee agreement or retainer agreement with [her] attorneys in this class action." Plaintiff refused. In her untimely discovery responses, she claimed that this information was privileged, even though it contains no legal advice. She also failed to provide a privilege log describing any documents responsive to this request that she refused to produce. This information is not privileged. Additionally, the agreement between Ms. Piazza and her counsel is relevant to whether this Court should certify a class action with her as the named plaintiff and whether it should award the attorneys' fees Ms. Piazza has asked for in her complaint. This Court should enter an order requiring Plaintiff to produce documents responsive to First American's request.

## BACKGROUND

Plaintiff Joan Piazza has brought this putative class action against First American for the alleged overcharging of a title insurance premium in connection with her refinance of her home mortgage. She alleges that First American should have charged her a discounted rate for a policy

of title insurance insuring her new lender, but she alleges that First American charged her the standard premium for such a policy instead. She seeks to represent a putative class consisting of all similarly situated Connecticut consumers who were allegedly overcharged for their lender's policies of title insurance between May 17, 2000 and the present.

Following the parties' initial planning meeting, the Court approved the parties' report setting the deadline for the completion of discovery on Piazza's claims and on class discovery as January 31, 2007 (Doc. 36). The parties sought an extension to this scheduling order, which the Court granted, extending this discovery deadline until June 2, 2007 (Doc. 74).

On November 21, 2006, First American served its First Requests for Production of Documents on Plaintiff Joan Piazza ("Piazza") (Exh. 1). Piazza requested and secured an extension until January 15, 2007, to respond to these requests (Affidavit of Douglas W. King ¶ 4) ("King Aff."). Piazza then requested an additional two weeks to respond (King Aff. ¶ 5). Piazza finally responded to First American's First Requests for Production on February 15, two weeks after the second extension expired (Exh. 2).

First American requested that Piazza produce "all documents concerning your fee agreement or retainer agreement with your attorneys in this class action." (Exh. 1, Request # 11). Piazza purported to object to this request on the grounds that it was "overly broad, seeks information protected by the attorney-client privilege or attorney work product doctrine, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is irrelevant and otherwise not subject to disclosure." (Exh. 2, Request # 11). The parties met and conferred regarding this objection, and were unable to come to a resolution (King Aff. ¶¶ 7-9).

**STANDARD OF REVIEW**

Fed. R. Civ. P. 26(b)(1) governs the scope of discovery. That rule entitles First American to "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible as long as it is "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992). Discovery is very broad, "encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Id.

**ARGUMENT**

A fee agreement between counsel and her client is not privileged material. In a class action, a fee agreement is relevant to the question whether a class should be certified as it directly relates to the adequacy of the class representative and her counsel. Since First American has timely requested relevant, non-privileged documents, Piazza should be ordered to produce them. In any event, Piazza has waived her objections, including the protection of the attorney-client privilege and work product doctrine due to the delinquency of her discovery responses and her failure to produce a privilege log to perfect her privilege objection.

**I.   Piazza's Fee Agreement(s) Are Not Privileged or Protected by the Work Product Doctrine.**

The attorney-client privilege pertains only to "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 168 (D. Conn. 2005) (citing United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). The purpose of the privilege is to "shelter the confidences a

client shares with his or her attorney when seeking legal advice…" Ruran, 226 F.R.D. at 168. "Simply because a document was prepared by counsel or was the result of interviews between counsel and [a party] does not necessarily mean that it is protected by the attorney-client privilege." Id. There is generally no privilege as to matters involving the identity of a client, conditions of employment, or matters involving the receipt of fees. Klein v. Henry S. Miller Residential Servs., Inc., 82 F.R.D. 6, 9 (N.D. Tex. 1978); In re Semel, 411 F.2d 195, 197 (3d Cir. 1969); United States v. Pape, 144 F.2d 778, 782 (2d Cir. 1944). "Fee arrangements are generally not privileged because they reveal nothing about the advice sought or given." In re Sheffield, 280 B.R. 719, 721 (Bankr. S.D. Ala. 2001).

Moreover, the work-product doctrine does not protect class counsel's fee arrangement. The work-product doctrine was designed to prevent "unwarranted inquiries into the files and mental impressions of an attorney." Hickman v. Taylor, 329 U.S. 495, 510 (1947); see also Fed. R. Civ. Proc. 26(b)(3). The work-product doctrine does not protect documents prepared in the regular course of business. See Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987) ("[E]ven though litigation is already in [progress], there is no work-product immunity for documents prepared in the regular course of business rather than for the purposes of litigation.") (quoting 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2024, at 198-99 (1970)). Since fee arrangements do not reveal the mental impressions, thoughts or conclusions of an attorney, they are not protected by the work-product doctrine. See id. at 401-02 (finding that the work-product doctrine did not protect risk management documents containing the aggregate of information from multiple "case reserves," which were prepared upon notification of a pending claim or suit and "embod[ied] the attorney's estimate of anticipated legal expenses, settlement value, length of time to resolve the litigation, geographic considerations, and other factors");

Montgomery County v. Microvote Corp., 175 F.3d 296, 303 (3d Cir. 1999) (stating that "the fee arrangement letter does not come within the ambit of the work-product privilege"); Murray, 153 F.R.D. at 153 ("Nor are [fee arrangements] prepared in anticipation of litigation such that work-product privilege would ordinarily apply.").

Any agreement that Joan Piazza has with any or all of her attorneys in this case is not privileged, nor is it protected by the work product doctrine. Counsel for Piazza has indicated that such an agreement exists and has refused to produce it on the grounds that it is their firm's policy not to do so. (King Aff. ¶ 9). Even if she had timely advanced it, Piazza's objection to Request No. 11 on the grounds of attorney-client privilege and work product doctrine is without merit, and she should be ordered to produce responsive documents to that request.

## II. Piazza's Fee Agreement Is Relevant to the Attorneys' Fees She Has Requested and Is Relevant to Class Certification.

Piazza has sought to recover her attorneys' fees in this lawsuit. Am. Compl. Request for Relief ¶ 7 (ECF Doc 75 at 19) ("awarding Plaintiff and the Class all expenses, costs, and disbursements incident to the prosecution of this action, including reasonable attorneys' fees"). Since she has opened the door to seeking fees, her agreement with her attorneys is unquestionably relevant to this case. When calculating the reasonableness of attorneys' fees, the Second Circuit has recently endorsed an approach that focuses a district court's inquiry on the what a reasonable paying client would do. Arbor Hill Concerned Neighborhood Ass'n v. County of Albany, --- F.3d ----, 2007 WL 1189487 *8 (2d Cir. Apr. 24, 2007) ("by asking what a reasonable paying client would do, a district court best approximates the workings of today's market for legal services"). Of course, this inquiry presumes that the court does not have actual evidence of what a reasonable paying client would do – evidence that might be presented in this case by Piazza's fee agreement. See id. ("indeed … the district court … [can] approximat[e] the

negotiation that might ensue were the client actually required to pay the attorney's fees"); see also Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc., 246 F.3d 142, 151 (2d Cir. 2001) ("the actual billing arrangement provides a strong indication of what private parties believe is the "reasonable" fee to be awarded").

Piazza's fee agreement with her attorneys is also relevant to the adequacy and typicality prongs of class certification under Rule 23. A class action is very different from an individual action. In a Rule 23 class action, the identity of the representative plaintiff and her counsel are subject to approval by the Court. This case cannot proceed as a class action unless and until the Court has determined (along with other findings) that Joan Piazza is an adequate representative of the class and that her counsel are adequate to represent the interests of the absent class members. The contractual relationship that is formed between these two parties is relevant to the class certification analysis.

In a similar case, the court found that inquiry into a plaintiff's fee arrangement with counsel was relevant and discoverable because it addressed the question of the plaintiff's ability to protect the interests of potential class members by adequate funding of the lawsuit. Klein v. Henry S. Miller Residential Servs.,Inc., 82 F.R.D. 6, 8-9 (N.D. Tex. 1978). Additionally, the fee arrangement is relevant because it is "a proper question for inquiry if the parties agree to dismiss the class action allegations without prejudice" and is relevant to a "determination to award attorneys' fees to the Plaintiffs if they are successful in prosecuting their class action." Id. at 8. In a class action, fee arrangements between counsel and potential representative plaintiffs are relevant to the Rule 23 certification decision and are discoverable. Klein, 82 F.R.D. at 9; Epstein v. American Reserve Corp., 1985 WL 2598 *3 (N.D. Ill. Sept. 18, 1985) ("fee arrangements are relevant to the ability of named plaintiffs to protect the interest of potential class members and

hence are a proper subject for discovery"); see Porter v. Nationscredit Consumer Discount Co., 2004 WL 1753255 *2 (E.D. Pa. July 8, 2004) ("Fee agreements may be relevant to a plaintiff's ability to protect the interests of potential class members by adequately funding the suit, and to the question of awarding of attorneys fees upon settlement or judgment"); In re Sheffield, 280 B.R. 719 (Bankr. S.D. Ala. 2001).

Piazza's fee arrangement with counsel is also relevant because she is represented by multiple attorneys from multiple firms who may share any fees that are ultimately paid in this case. There also may be conflicts or biases that arise out of the provision of fees in this case and Piazza's agreement with her lawyers would be relevant to determine whether such conflicts exist. See Sheffield, 280 B.R. at 722.

Any one of these relevancy grounds would suffice to order production of Piazza's fee agreement. Given the low bar required to show that a document or documents should be produced because they may be relevant or lead to the discovery of admissible evidence, it is easily satisfied here. Piazza should be ordered to produce her fee agreement with counsel and any related documents.

We expect Piazza to rely on Mitchell-Tracey v. United General Title Ins. Co., 2006 WL 149105 (D. Md. Jan. 9, 2006), but the Court should not follow that unreported decision. First, it is contrary to Klein, Porter, Epstein, and Sheffield cited above. Second, the Mitchell-Tracey court did not consider the argument that the fee agreement is relevant because the plaintiff requested reimbursement for reasonable attorneys' fees as part of her prayer for relief. Third, the magistrate judge in Mitchell-Tracey found the fee agreement irrelevant on several possible points only because she accepted assurance of plaintiff's counsel in a telephone motion hearing as to one issue and testimony of some but not all of the plaintiffs on another issue as to the contents of

the fee agreement that neither the Court nor the defendants had ever seen. Since the fee agreement is clearly not privileged, First American should not have to similarly rely on Piazza's assurances as to what is or is not in the document. It should be produced, and depending on its contents, First American can decide whether to use it in opposing class certification, and the Court can decide whether it affects the class certification issue. First American and the Court will never have that opportunity if the document is withheld.

### III. Piazza Has Waived Her Objections.

Piazza has twice waived her objections to Request No. 11. First, her responses to the discovery were served on First American two weeks after the expiration of her second extension of time to respond and almost three months after the requests were initially served on her. Second, Piazza has not produced a privilege log relating to documents she has purportedly withheld on the basis that they are subject to the attorney-client privilege. Individually, either of these failures would be sufficient to waive her objections to Request No. 11; together, they mandate it.

Rule 26 requires that a party withholding documents from discovery under a claim of privilege must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). The Local Rules of this Court require that when a party asserts an objection based on privilege to a discovery request, the party asserting the objection provide a privilege log listing responsive documents and providing their date, recipient, author, format, and general subject matter. L. Civ. R. 37(a).

In <u>Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.</u>, 238 F.R.D. 536 (D. Conn. 2006), a party who was 22 days tardy in responding to discovery and failed to produce a privilege log waived its objections based on the attorney-client privilege. <u>Id.</u> at 538. While the court was reluctant to waive the privilege based solely on the parties' untimeliness, when combined with its failure to "perfect its objections" by producing a privilege log, the court deemed the privilege waived. <u>Id.</u> This district came to the same result in <u>Ruran</u>, 226 F.R.D. at 168-69, when the party opposing discovery failed to file a privilege log in compliance with this district's local rules.

Piazza has not produced any privilege log in response to First American's requests. Piazza has not described any responsive documents that she is withholding under a claim of privilege. Her failure to comply with Local Rule 26(e) and the Federal Rules in combination with her failure to provide timely responses to duly issued discovery mean that she has waived any claim of privilege as to the documents requested in Request No. 11.

## **CONCLUSION**

For the foregoing reasons, First American respectfully requests that this Court issue an order requiring Plaintiff to produce all responsive documents to its Request for Production No. 11.

Dated: May 10, 2007              Respectfully submitted,

                                                       By:    /s/ Ben M. Krowicki
                                                                  Ben M. Krowicki
                                                                  BINGHAM McCUTCHEON LLP
                                                                  One State Street
                                                                  Hartford, CT 06103-3178
                                                                  Telephone: (860) 240-2700
                                                                  Facsimile: (860) 240-2926

    and

    Charles A. Newman
    Douglas W. King
    Elizabeth T. Ferrick
    James M. Weiss
    BRYAN CAVE LLP
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, MO 63102-2750
    Telephone: (314) 259-2000
    Facsimile:  (314) 259-2020

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of May, 2007, the foregoing was served upon the following counsel of record via the court's electronic filing system:

William H. Narwold
Ingrid L. Moll
Collin O'Connor Udell
MOTLEY RICE LLC
20 Church Street, 17th Floor
Hartford, Connecticut 06103

Mark R. Koberna
Mark E. Owens
Margaret M. Metzinger
SONKIN & KOBERNA CO., LPA
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio 44122

David D. Yeagley
Shannan L. Katz
ULMER & BERNE, LLP
Skylight Office Tower
1660 West Second Street, Suite 1100
Cleveland, Ohio 44113

/s/ Ben M. Krowicki