# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOAN PIAZZA, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) FIRST AMERICAN TITLE INSURANCE COMPANY, ) ) ) Defendant. ) | Civil Action No. 306-cv-765 AWT |

## DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JOAN PIAZZA

Defendant First American Title Insurance Company ("First American") hereby propounds the following Requests for Production of Documents related to class certification to plaintiff Joan Piazza ("Plaintiff"). The requested documents and things should be produced at the offices of Bingham McCutchen LLP, One State Street, Hartford, CT 06103-3178, within thirty (30) days of service of these Requests, or at such other time and place as the parties may agree.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable herein and expressly incorporated within each of the following document requests.

A. "First American" means First American Title Insurance Company and any of its subsidiaries, divisions, affiliates, predecessors, or successors.

B. "First American Agent" means any entity, whether or not owned or partially owned by First American, with which First American has entered into agency agreements and which, pursuant to these agency agreements, writes First American title insurance policies.

C.  "Plaintiff" or "you" or "your" means the above-named plaintiff Joan Piazza, individually and any of her attorneys, agents, representatives, or assigns, as well as any person acting or purporting to act on her behalf.

D.  "Plaintiff Class" shall mean the putative class in this class action as defined by paragraph 17 of your complaint.

E.  The term "document" means any written or recorded matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, in the custody or control of you or your attorneys, agents, representatives, or assigns. This shall include, but not be limited to, all retrievable information in computer storage, photographs, videotapes, letters, telegrams, correspondence, contracts, agreements, teletype messages, notes, reports, mechanical and electronic sound recordings or transcripts thereof, memoranda or minutes of telephone or personal conversations or minutes of conferences in the possession and/or control of the Plaintiff or Plaintiff's attorneys or agents, or known by Plaintiff to exist.

F.  The term "communications" means all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including (but not limited to) by means of a telephone or other mechanical device.

G.  As used herein, the term "person" shall include, wherever appropriate, not only a natural person, but also a corporation, partnership, unincorporated association, joint venture, sole proprietorship, firm, or business enterprise, and any other artificial business, association of persons or legal entity, as well as all divisions, subdivisions, bureaus, offices, or other units thereof.

H. The term "title insurance" shall mean any insurance or guarantee for the owners of real property, or their lenders or other interested persons, against loss by reasons of encumbrances or defects in title.

I. The term "Subject Property" shall mean the property at issue allegedly refinanced on or about November 19, 2003 located in Bridgeport, Connecticut.

J. The term "Refinance Transaction" shall mean the transaction described in paragraph 34 of Plaintiff's complaint in which Plaintiff allegedly applied, on or about November 19, 2003, to refinance a loan secured by the Subject Property.

K. The term "Loan Policy" shall mean the title insurance policy described in Plaintiff's complaint which Plaintiff allegedly took out in connection with the Refinance Transaction.

M. "Action, "class action," "lawsuit," or "complaint," unless otherwise described, as used herein refer to the action styled as *Joan Piazza, on behalf of herself and all others similarly situated v. First American Title Insurance Company*, Case No. 06-CV-765, filed in the United States District Court for the District of Connecticut.

N. "Concerning" or "relating" or "pertaining" means commenting on, referring to, pertinent to, discussing, tending to support, or relevant in any way.

O. Wherever appropriate, the singular form of a word should be interpreted in the plural.

P. "And" as well as "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of each request any documents which might otherwise be construed as outside its scope.

Q. In producing documents pursuant to a request for production, you should indicate the specific request in response to which each document or group of documents is being produced. Alternatively, you may produce all responsive documents as they are regularly maintained by you.

R. With respect to any document which you withhold on a claim of privilege or immunity, specify as to each document:

    (1) The identity of the sender(s) of the document;

    (2) The identity of the author(s) of the document;

    (3) The identity of the recipient(s) of the document;

    (4) The job title of every person named in subparts (1) through (3) above;

    (5) The date or approximate date of the document;

    (6) A general description of the nature and subject matter of the document;

    (7) The name of the person who has custody of the document; and

    (8) The basis for your claim of privilege or immunity.

S. In responding to these document requests, you are required to furnish all documents that are available to you or subject to your reasonable inquiry, including documents in the possession of your attorneys, agents, representatives, or assigns, or any other persons directly or indirectly employed by or connected with you or your attorneys, and anyone else otherwise subject to your control.

T. These requests for documents are continuing in nature and call for the prompt and supplemental production whenever Plaintiff receives, discovers, or creates additional documents sought herein.

## DOCUMENT REQUESTS

1. All documents related to the Refinance Transaction.

2. All documents related to the Loan Policy issued in connection with the Refinance Transaction.

3. All communications you had with any person, including but not limited to, any salesperson, First American Agent, or lender, in connection with the Refinance Transaction.

4. All documents you submitted in connection with the Refinance Transaction.

5. All documents related to any communications, whether oral or written, between you and First American or any First American Agent concerning the Refinance Transaction, the Loan Policy issued in connection with the Refinance Transaction, or title insurance.

6. All documents related to any communications, whether oral or written, between you and any title insurance company (other than First American or a First American Agent), real estate agent, lender, or lending institution concerning the Refinance Transaction.

7. All documents related to any other refinance transaction involving the Subject Property.

8. All documents related to your acquisition of the Subject Property.

9. All documents related to any title insurance policies covering the Subject Property from the date of purchase of the Subject Property to the present.

10. All documents showing whether you provided a copy of a prior title insurance policy at the time of the Refinance Transaction.

11. All documents concerning your fee agreement or retainer agreement with your attorneys in this class action.

12. Any solicitation or other communication you received from any of your attorneys before signing a fee agreement or retainer agreement with your attorneys in this class action.

13. All documents related to any damages, or any equitable or injunctive relief claimed by you in this class action, and all calculations related to those damages.

14. All documents related to any communications with any members of the putative class regarding your intention to file this lawsuit or the pendency of this lawsuit or the subject matter of this lawsuit.

15. All documents related to communications between Plaintiff and any person concerning payment of the costs and expenses that may be incurred in connection with this class action.

16. All documents related to any lawsuit or legal proceeding in which you have ever been a party.

17. All reports of each person whom you expect to offer expert or any opinion testimony relating to the issue of class certification.

18. All documents from any third party, including but not limited to, any federal, state, or local authority, trade association, or consumer interest group, including, but not limited to the Connecticut Insurance Commissioner or the Connecticut Insurance Department, that relate, in whole, or in part, to the Action.

19. All documents identified, referred to, or utilized to answer the Defendant First American Title Insurance Company's First Set of Interrogatories directed to Joan Piazza.

20. All documents identified, referred to, or utilized to answer the Defendant First American Title Insurance Company's First Requests for Admissions directed to Joan Piazza.

21. All documents related to any change in ownership of the Subject Property from the date of purchase of the Subject Property to the present.

Dated: November 21, 2006

Respectfully submitted,

By: _____
Ben M. Krowicki
Meghan Freed Pelletier
BINGHAM McCUTCHEON LLP
One State Street
Hartford, CT 06103-3178
Telephone: (860) 240-2700
Facsimile: (860) 240-2926

and

Charles A. Newman
Douglas W. King
Elizabeth T. Ferrick
James M. Weiss
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of November, 2006, the foregoing was served upon the following counsel of record via U.S. Mail, first-class, postage prepaid:

William H. Narwold
Ingrid L. Moll
Collin O'Connor Udell
MOTLEY RICE LLC
20 Church Street, 17th Floor
Hartford, Connecticut 06103

Mark R. Koberna
Mark E. Owens
Margaret M. Metzinger
SONKIN & KOBERNA CO., LPA
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio 44122

David D. Yeagley
Shannan L. Katz
ULMER & BERNE, LLP
Skylight Office Tower
1660 West Second Street, Suite 1100
Cleveland, Ohio 44113