UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOAN PIAZZA, on behalf of herself and all others similarly situated, | ) ) Civil Action No. 3:06-cv-765 (AWT) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) February 15, 2007 |

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Joan Piazza ("Plaintiff"), by her attorneys, submits the following responses and objections to Defendant First American Title Insurance Company's First Requests for Production of Documents.

## GENERAL OBJECTIONS

1. Plaintiff objects to these requests for production to the extent they seek information that is privileged or protected from discovery pursuant to the attorney-client privilege and/or attorney work product doctrine, and any other privilege available under federal and state statutory or common law.

2. Plaintiff objects to these requests for production to the extent they are overbroad, unduly burdensome and would render compliance impractical and/or seek information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible information.

3.  Plaintiff objects to these requests for production to the extent they seek documents that are not within Plaintiff's possession, custody, or control.

4.  Plaintiff objects to these requests for production to the extent they require responses beyond those required by the Federal Rules of Civil Procedure.

5.  Nothing herein shall be construed as an admission by the Plaintiff as to the relevance or admissibility of any document at trial that Plaintiff may produce in response to these requests for production or any information contained herein.

6.  Plaintiff reserves the right to supplement and/or amend her responses if any additional responsive documents are found.

7.  By stating that Plaintiff will produce documents, Plaintiff does not represent that such documents actually exist, but rather that Plaintiff will make a good faith effort to ascertain whether they do in fact exist.

8.  Each of these General Objections is incorporated into each response given below.

## RESPONSES

### Request for Production No. 1

All documents related to the Refinance Transaction.

**Response:** Plaintiff objects to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26–37, is overbroad, unduly burdensome, and/or calculated to harass, seeks information protected by the attorney-client privilege and/or work product privilege, and seeks information in the Defendant's possession, custody or control.

Subject to and without waiving these objections or the General Objections, Plaintiff states that she will produce non-privileged documents responsive to this request within her possession, custody and/or control.

**Request for Production No. 2**

All documents related to the Loan Policy issued in connection with the Refinance Transaction.

**Response:** Plaintiff objects to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26–37, is overbroad, unduly burdensome, and/or calculated to harass, seeks information protected by the attorney-client privilege and/or work product privilege, seeks information that is irrelevant to the subject matter of this litigation, and seeks information in the Defendant's possession, custody or control.

Subject to and without waiving these objections or the General Objections, Plaintiff states that she will produce non-privileged documents responsive to this request within her possession, custody and/or control, exclusive of information relating to the Loan Policy subsequent to its issuance.

**Request for Production No. 3**

All communications you had with any person, including but not limited to, any salesperson, First American Agent, or lender, in connection with the Refinance Transaction.

**Response:** Plaintiff objects to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26–37, is overbroad, unduly burdensome,

3

and/or calculated to harass, seeks information protected by the attorney-client privilege and/or work product privilege, and seeks information in the Defendant's possession, custody or control.

Subject to and without waiving these objections or the General Objections, Plaintiff states that she will produce non-privileged documents responsive to this request within her possession, custody and/or control.

**Request for Production No. 4**

All documents you submitted in connection with the Refinance Transaction.

**Response:** Plaintiff objects to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26–37, is vague and ambiguous, overbroad, unduly burdensome, and/or calculated to harass, seeks information protected by the attorney-client privilege and/or work product privilege, and seeks information in the Defendant's possession, custody or control.

Subject to and without waiving these objections or the General Objections, Plaintiff states that she will produce non-privileged documents responsive to this request within her possession, custody and/or control.

**Request for Production No. 5**

All documents related to any communications, whether oral or written, between you and First American or any First American Agent concerning the Refinance Transaction, the Loan Policy issued in connection with the Refinance Transaction, or title insurance.

**Response:** Plaintiff objects to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26–37, is overbroad, seeks information

protected by the attorney-client privilege and/or work product privilege, and seeks information in the Defendant's possession, custody or control.

Subject to and without waiving these objections or the General Objections, Plaintiff states that she will produce non-privileged documents responsive to this request within her possession, custody and/or control.

**Request for Production No. 6**

All documents related to any communications, whether oral or written, between you and any title insurance company (other than First American or a First American Agent), real estate agent, lender, or lending institution concerning the Refinance Transaction.

**Response:** Plaintiff objects to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26–37, is overbroad, unduly burdensome, and/or calculated to harass, seeks information protected by the attorney-client privilege and/or work product privilege, and seeks information in the Defendant's possession, custody or control.

Subject to and without waiving these objections or the General Objections, Plaintiff states that she will produce non-privileged documents responsive to this request within her possession, custody and/or control.

**Request for Production No. 7**

All documents related to any other refinance transaction involving the Subject Property.

**Response:** Plaintiff objects to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26–37, is overbroad, unduly burdensome,

and/or calculated to harass, seeks information protected by the attorney-client privilege and/or work product privilege, and seeks information in the Defendant's possession, custody or control.

Subject to and without waiving these objections or the General Objections, Plaintiff states that she will produce non-privileged documents responsive to this request within her possession, custody and/or control relating to her refinancing transaction involving the Subject Property in March 2003.

**Request for Production No. 8**

All documents related to your acquisition of the Subject Property.

**Response:** Plaintiff objects to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26–37, is overbroad, unduly burdensome, and/or calculated to harass, and seeks information that is irrelevant to this litigation, that may be protected by the attorney-client privilege and/or work product privilege, and/or that is publicly available.

**Request for Production No. 9**

All documents related to any title insurance policies covering the Subject Property from the date of purchase of the Subject Property to the present.

**Response:** Plaintiff objects to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26–37, is overbroad, unduly burdensome, and/or calculated to harass, seeks information protected by the attorney-client privilege and/or work product privilege, and seeks information in the Defendant's possession, custody or control.

Subject to and without waiving these objections or the General Objections, Plaintiff states

that she will produce non-privileged documents responsive to this request within her possession, custody and/or control that relate to the refinancing transactions involving the Subject Property in March 2003 and November 2003.

**Request for Production No. 10**

All documents showing whether you provided a copy of a prior title insurance policy at the time of the Refinance Transaction.

**Response:** Plaintiff agrees to produce any responsive documents within her possession, custody or control.

**Request for Production No. 11**

All documents concerning your fee agreement or retainer agreement with your attorneys in this class action.

**Response:** Plaintiff objects to this request to the extent it is overly broad, seeks information protected by the attorney-client privilege or attorney work product doctrine, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is irrelevant and otherwise not subject to disclosure.

**Request for Production No. 12**

Any solicitation or other communication you received from any of your attorneys before signing a fee agreement or retainer agreement with your attorneys in this class action.

**Response:** Plaintiff objects to this request to the extent it is overly broad, seeks information protected by the attorney-client privilege or attorney work product doctrine, is not

reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is irrelevant and otherwise not subject to disclosure.

**Request for Production No. 13**

All documents related to any damages, or any equitable or injunctive relief claimed by you in this class action, and all calculations related to those damages.

**Response:** Plaintiffs object to this request to the extent it seeks to impose obligations on the Plaintiff beyond those set forth in Fed. R. Civ. P. 26-37, is overbroad, unduly burdensome, and/or calculated to harass, is so vague and unclear in identifying the information sought as to be impermissible under Fed. R. Civ. P. 26(b)(1), seeks information protected by the attorney-client privilege and/or work product privilege, and seeks documents in the Defendant's possession, custody or control, and requires a response from the class of putative plaintiffs.

Subject to and without waiving these objections or the General Objections, Plaintiff states that she will produce non-privileged documents responsive to this request, to the extent that they exist, which relate to Plaintiff's claims for damages described in the Complaint, can be located after reasonable investigation and are within her possession, custody and/or control.

**Request for Production No. 14**

All documents related to any communications with any members of the putative class regarding your intention to file this lawsuit or the pendency of this lawsuit or the subject matter of this lawsuit.

**Response:** Subject to and without waiving the General Objections, the Plaintiff states that she is not currently aware of any responsive documents within her possession.

8

### Request for Production No. 15

All documents related to communications between Plaintiff and any person concerning payment of the costs and expenses that may be incurred in connection with this class action.

**Response:** Plaintiff objects to this request to the extent it seeks information that may be protected by the attorney-client privilege and/or work product doctrine, seeks information that is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

### Request for Production No. 16

All documents related to any lawsuit or legal proceeding in which you have ever been a party.

**Response:** Plaintiff objects to this request to the extent it is overbroad, vague and ambiguous, seeks information protected by the attorney-client privilege or work product doctrine, is calculated to harass the Plaintiff, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

### Request for Production No. 17

All reports of each person whom you expect to offer expert or any opinion testimony relating to the issue of class certification.

**Response:** Plaintiff objects to this request to the extent it is overbroad, vague and ambiguous, and seeks expert discovery not in accordance with the operative scheduling order. Subject to and without waiving these objections or the General Objections, Plaintiff states that

she will provide expert discovery to the extent and at the time set forth in the operative scheduling order or otherwise required by court order or mutual agreement of the parties.

**Request for Production No. 18**

All documents from any third party, including but not limited to, any federal, state, or local authority, trade association, or consumer interest group, including, but not limited to the Connecticut Insurance Commissioner or the Connecticut Insurance Department, that relate, in whole, or in part, to the Action.

**Response:** Plaintiff objects to this request to the extent it is overly broad, vague and ambiguous, seeks information not within the possession, custody or control of the Plaintiff, seeks information protected by the attorney work product doctrine, seeks publicly available information and/or information within the Defendant's own possession, custody or control.

**Request for Production No. 19**

All documents identified, referred to, or utilized to answer the Defendant First American Title Insurance Company's First Set of Interrogatories directed to Joan Piazza.

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine and seeks information that is publicly available or within the Defendant's possession, custody or control. Subject to and without waiving these objections, Plaintiff agrees to produce non-privileged documents responsive to this request within her possession, custody or control.

### Request for Production No. 20

All documents identified, referred to, or utilized to answer the Defendant First American Title Insurance Company's First Requests for Admissions directed to Joan Piazza.

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine and seeks information that is publicly available or within the Defendant's possession, custody or control. Subject to and without waiving these objections, Plaintiff agrees to produce non-privileged documents responsive to this request within her possession, custody or control

### Request for Production No. 21

All documents related to any change in ownership of the Subject Property from the date of purchase of the Subject Property to the present.

**Response:** Plaintiff objects to this request to the extent it is overbroad, vague and ambiguous, is calculated to harass the Plaintiff, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff states that there was no change in ownership of the Subject Property from her refinancing transaction in March 2003 to the Refinance Transaction.

Dated: February 15, 2007

THE PLAINTIFF,
JOAN PIAZZA
BY MOTLEY RICE LLC
HER ATTORNEYS

By _/s/ Ingrid Moll_
William H. Narwold (CT 00133)
Ingrid L. Moll (CT 21866)
Collin O'Connor Udell (CT 26892)
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 882-1678
Fax: (860) 882-1682
Email: bnarwold@motleyrice.com
   imoll@motleyrice.com
   cudell@motleyrice.com

David D. Yeagley (phv 01339)
Shannan L. Katz (phv 01340)
Ulmer & Berne LLP
1660 West 2nd Street
Suite 1100
Cleveland, OH 44113-1448
(216) 583-7000
Fax: (216) 583-7001
Email: dyeagley@ulmer.com
   skatz@ulmer.com

Mark R. Koberna (phv 01341)
Mark E. Owens (phv 01343)
Sonkin & Koberna Co., L.P.A.
3401 Enterprise Parkway
Suite 3400
Cleveland, OH 44122-7341
(216) 514-8300
Fax: (216) 514-4467
Email: mark@sonkinkoberna.com
   marko@sonkinkoberna.com

Donna L. Wilson *(phv 458793)*
Andrew S. Wein *(phv 496425)*
Marla H. Kanemitsu *(phv 496282)*
Gilbert Heintz & Randolph LLP
1100 New York Avenue NW
Suite 700
Washington. DC 20005
(202) 772-2200
Fax: (202) 772-3333
Email: wilsond@ghrdc.com
weina@ghrdc.com
kanemitsum@ghrdc.com

Of counsel:

Suzanne Klok
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand-delivered this 15th day of February, 2007 to:

Ben M. Krowicki, Esq.
Meghan Freed Pelletier, Esq.
BINGHAM MCCUTCHEN LLP
One State Street
Hartford, CT 06103

Douglas W. King, Esq.
c/o Ben Krowicki, Esq.
BINGHAM MCCUTCHEN LLP
One State Street
Hartford, CT 06103

_____
Ingrid L. Moll