UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOAN PIAZZA, :
:
    Plaintiff, :
:
v. :
: CASE NO. 3:06CV765(AWT)
FIRST AMERICAN TITLE :
INSURANCE CO., :
:
    Defendant. :

ORDER ON MOTION TO COMPEL

Pending before the court is the defendant's motion to compel. (Doc. #76.) The defendant moves to compel a response to one request for production, which sought "All documents concerning your fee agreement or retainer agreement with your attorneys in this class action." The plaintiff objects that the documents requested are not relevant.[1]

The plaintiff seeks class certification in this litigation. As a result, the court's scheduling order stated that "[d]iscovery on the named-plaintiff's claims and class certification issues shall be completed by January 31, 2007," and then motions would be filed regarding class certification. (Doc. #36.) The contested request for production was propounded during this initial discovery period. The plaintiff objects that her fee agreement with her attorneys is not relevant to her claims or

---

[1] The plaintiff originally objected on both privilege and relevancy grounds, but concedes in her opposition that the attorney-client privilege does not apply to the fee or retainer agreement.

to class-certification issues.  The defendant responds that it is relevant to class certification because it may expose problems with the plaintiff's or counsel's adequacy of representation.  For example, there might be conflicts of interest among counsel.  The defendant also argues that it is relevant to the question of the plaintiff's ability to protect the interests of potential class members by adequate funding of the lawsuit.

The defendant presents no factual basis for speculating about conflicts of interest among counsel or between counsel and the plaintiff.  Moreover, plaintiff's counsel was clear at oral argument that the plaintiff is not herself funding the lawsuit.  The defendant does not contend that there is anything improper about counsel funding the class action.  See Macarz v. Transworld Systems, Inc., 193 F.R.D. 46 (D. Conn. 2000) (noting that Connecticut's ethical rules permit attorneys to advance costs, the repayment of which may be contingent on the outcome of the case).  Nor does the defendant's motion provide any basis for questioning counsel's ability to adequately fund the action.

The defendant also points to evidence that the plaintiff has had limited contact with her attorneys and may not fully understand the litigation.  Though this evidence may be relevant to class certification, it does not make the fee-sharing agreement any more relevant.

As the plaintiff notes, several leading cases and treatises have held that the fee arrangements between a plaintiff and her counsel are not relevant to certification issues.  See Mitchell-Tracey v. United General Title Ins. Co., No. Civ. AMD-05-1428, 2006 WL 149105, *3 (D. Md. Jan. 9, 2006); In re McDonnell Douglas Corp. Sec. Litigation, 92 F.R.D. 761, 763 (E.D. Mo. 1981); 7A. Conte and H. Newberg, Newberg on Class Actions, § 22:79 (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, Manual for Complex Litigation §21.141 (4th Ed. 2004)("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately").  Although there is some authority to the contrary as well, the defendant has not made any showing that the requested documents are relevant to certification in this instance.

The defendant also argues that the requested documents are relevant because the plaintiff makes a claim for attorney's fees. However, the reasonableness of attorney's fees can be determined by the court by the usual methods after judgment is entered, and

if the fee agreement is relevant to that inquiry it can be reviewed at a later date. See, e.g., In re McDonnell Douglas Corp. Sec. Litigation, 92 F.R.D. 761, 763 (E.D. Mo. 1981) ("[t]he appropriate time for inquiry into fee arrangements is after judgment under Rule 69 of the Federal Rules of Civil Procedure"); Mitchell-Tracey v. United General Title Ins. Co., No. Civ. AMD-05-1428, 2006 WL 149105, *3 (D. Md. Jan. 9, 2006) (same).

The defendant has failed to establish the relevancy of the fee agreement or related documents. The motion to compel is denied.

Two months after oral argument, on September 5, 2007, the defendant filed a supplemental brief which, among other things, sought to compel the production of documents responsive to another request for production. That request for production was not before the court at the time of oral argument and therefore any issues relating to it should be separately briefed. Therefore, to the extent that the defendants seeks to compel documents responsive to Request #12, the motion is denied without prejudice. If Request #12 remain in dispute, the defendant may seek to compel production through the pertinent rules.

SO ORDERED at Hartford, Connecticut this 5th day of December, 2007.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge