UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOAN PIAZZA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 306-cv-765 AWT |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL

There is little dispute that Joan Piazza was solicited to act as the named plaintiff in this class action. She testified that she received a solicitation from Dan Blinn and the Consumer Law Group that sought her participation in a lawsuit against Ameriquest, and she testified that she received another letter from the Motley Rice firm seeking her participation in this suit. She later recanted and said that her solicitation to this suit was accomplished by telephone rather than in writing. Nevertheless, documents evidencing the solicitation of Joan Piazza are relevant to her adequacy and typicality as a class representative and should have been produced during discovery. Instead, Piazza objected to discovery requests for these document(s). When Piazza was deposed, it become clear that relevant documents were being withheld. But there is no valid objection to producing any solicitation letters or postcards that prompted Joan Piazza to participate in this suit (or others). They are relevant evidence and should be produced promptly.

### BACKGROUND

First American issued document requests in November 2006 asking for both Piazza's fee agreements with her counsel and any solicitations she received prior to entering into an attorney-

client relationship with counsel (Exh. 1 to ECF Doc. 77). Piazza objected to both of these requests on the basis of privilege and that the documents requested were irrelevant (Exh. 2 to ECF Doc. 77). Since it was clear that Piazza must have some kind of fee agreement with counsel, before her deposition, First American filed a motion to compel production of this agreement (ECF Doc. 76). Piazza withdrew her privilege objection but maintained her objection based on the document's relevance (ECF Doc. 85). While this motion was pending, in May 2007, Piazza was deposed and revealed that: (1) she was solicited to participate in a lawsuit against Ameriquest by Dan Blinn and the Consumer Law Group firm; (2) Mr. Blinn never represented her as counsel; (3) Mr. Blinn referred her to the Motley Rice firm; and (4) the Motley Rice firm sent her a letter soliciting her participation in this lawsuit (see Exh. 1 to ECF Doc. 111). In its reply brief, First American noted that these solicitation letters were also responsive to its document requests and should be taken up with the then-current motion in the interest of judicial economy (ECF Doc. 87 at 7-8).

Nearly three months after her deposition, in August 2007, Plaintiff changed her story and claimed that: (1) Mr. Blinn did represent her as counsel in the potential case against Ameriquest; (2) Mr. Blinn and his firm also represent her in this case against First American; and (3) Motley Rice contacted her by telephone to solicit her participation in this case (see Exh. 2 to ECF Doc. 111). First American moved for leave to supplement to its motion to compel addressing these points, and leave was granted (ECF Docs. 105, 110). First American noted that since Mr. Blinn and his firm represent Plaintiff in this case, any retainer agreement she has with that firm is also responsive to First American's discovery requests (ECF Doc. 111 at 2). Also, since Plaintiff now claims she did not receive a letter from Motley Rice, First American recognized that its request that this letter be produced was moot (ECF Doc. 111 at 2 n.1).

After all of Piazza's changes, by the time the motion to compel was decided, First American sought the production of three items: (1) Piazza's fee agreement with Motley Rice; (2) Piazza's fee agreement with the Consumer Law Group; and (3) the Consumer Law Group's solicitation letter to Piazza.  The Magistrate denied First American's motion to compel, but did not address the latter two of these three items in her order (ECF Doc. 128).  First American has filed an objection to this order with the Court that highlights the relevance of the first two items (ECF Doc. 131).  The order indicated that a separate motion to compel should be filed for documents responsive to its Request No. 12 (i.e. the solicitation letter) (ECF Doc. 128 at 4).  This is that motion.[1]

## STANDARD OF REVIEW

Fed. R. Civ. P. 26(b)(1) governs the scope of discovery.  That rule entitles First American to "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible as long as it is "reasonably calculated to lead to the discovery of admissible evidence."  See Fed. R. Civ. P. 26(b)(1); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992).  Discovery is very broad, "encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Id.  The burden of demonstrating why a motion to compel should be denied rests on the party resisting discovery.  E.g., Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 169 (D. Conn. 2005).

---

[1] The Court also indicated in a telephone hearing with counsel on November 21, 2007, that it does not expect to refer any further discovery motions in this matter to the magistrate judge.

## ARGUMENT

There is no dispute that Plaintiff received a letter from a law firm soliciting her participation in a lawsuit (Exh. 1 to ECF Doc. 111 at 3). Likewise, there is no dispute that this letter is relevant to her adequacy as a class representative in this case. Courts across the country regularly find that named plaintiffs like Joan Piazza, whose involvement in class actions were solicited by attorneys, do not qualify as adequate class representatives. And these cases frequently refuse to certify class actions. See Shiring v. Tier Technologies, 244 F.R.D. 307, 316 (E.D. Va. 2007); Ogden v. AmeriCredit Corp., 225 F.R.D. 529 (N.D. Tex. 2005); Griffen v. GK Intelligent Sys., Inc., 196 F.R.D. 298, 302 (S.D. Tex. 2000); Efros v. Nationwide Corp., 98 F.R.D. 703, 707-08 (S.D. Ohio 1983) (plaintiff inadequate, when, among other issues, she had never heard of attorneys who entered appearances on her behalf); see also Stavrides v. Mellon Nat'l Bank & Trust Co., 60 F.R.D. 634, 637 (W.D. Pa. 1983) (ordering questions answered at deposition regarding solicitation of named plaintiff in class action); see generally Jonathan R. Macey & Geoffrey P. Miller, The Plaintiff's Attorney's Role in Class Action and Derivative Litigation: Economic Analysis and Recommendations for Reform, 58 U. Chi. L. Rev. 1 (1991) (because plaintiff's attorneys "are not subject to monitoring by their putative clients, they operate largely according to their own self-interest, subject only to whatever constraints might be imposed by bar discipline, judicial oversight, and their own sense of ethics and fiduciary responsibilities"). In fact, one case in particular granted a motion to compel solicitation letters in a class action. Gardner v. First American Title Ins. Co., No. 01-937 (PAM/SRN) (D. Minn. July 24, 2002) (attached as Exhibit 1) ("under the broad standard for discovery, the [solicitation] letter is also relevant to the present case").

In <u>Griffen</u>, the court denied class certification because the named plaintiffs merely lent their names to a purported class action at the suggestion of counsel. <u>Griffen</u>, 196 F.R.D. at 310. In <u>Shiring</u>, the plaintiff only participated in the lawsuit after responding to a press release issued by his lawyers. <u>Shiring</u>, 244 F.R.D. at 316. In <u>Ogden</u>, the inadequate class representative responded to a solicitation from counsel. <u>Ogden</u>, 225 F.R.D. at 535. In <u>Gardner</u>, the court ordered solicitation materials produced because they were relevant to the present case. The common thread underpinning all of these cases is that courts have relied, in part, on the fact that plaintiffs have responded to solicitations in finding them inadequate. Therefore, the actual solicitation is relevant to the adequacy question.

First American has repeatedly demonstrated that this case is attorney-initiated litigation. It has a right to present all relevant evidence in support of this argument before a decision on whether to certify a class is rendered. <u>See</u> <u>e.g.</u>, Securities Litigation Reform: Hearings before the Subcomm. on Telecommunications and Finance of the House Comm. on Energy and Commerce, 103d Cong. 2d Sess. 22 (1994) (statement of Sen. Dodd) (expressing concern about the "entrepreneurial" role of plaintiff's attorneys who "essentially shop for clients"). The solicitations received by Joan Piazza are unquestionably relevant to whether she is an adequate class representative and should be ordered produced.

## CONCLUSION

For the foregoing reasons, First American respectfully requests that this Court issue an order requiring Plaintiff to produce all responsive documents to its Request for Production No. 12, including, but not limited to, the solicitation she received from Dan Blinn and the Consumer Law Group.

Dated: January 8, 2008						Respectfully submitted,

									By:	       /s/ James M. Weiss
										Charles A. Newman (admitted *pro hac vice*)
										Douglas W. King (admitted *pro hac vice*)
										Elizabeth T. Ferrick (admitted *pro hac vice*)
										James M. Weiss (admitted *pro hac vice*)
										BRYAN CAVE LLP
										One Metropolitan Square
										211 North Broadway, Suite 3600
										St. Louis, MO 63102-2750
										Telephone: (314) 259-2000
										Facsimile:  (314) 259-2020

											and

										Ben M. Krowicki
										BINGHAM McCUTCHEON LLP
										One State Street
										Hartford, CT 06103-3178
										Telephone: (860) 240-2700
										Facsimile: (860) 240-2926

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the 8th day of January, 2008, the foregoing was served upon the following counsel of record via the court's electronic filing system:

William H. Narwold
Ingrid L. Moll
Collin O'Connor Udell
MOTLEY RICE LLC
20 Church Street, 17th Floor
Hartford, Connecticut 06103

Mark R. Koberna
Mark E. Owens
Margaret M. Metzinger
SONKIN & KOBERNA CO., LPA
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio 44122

David D. Yeagley
Shannan L. Katz
ULMER & BERNE, LLP
Skylight Office Tower
1660 West Second Street, Suite 1100
Cleveland, Ohio 44113

                    /s/ James M. Weiss