UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOAN PIAZZA, on behalf of herself and all others similarly situated,**<br><br>Plaintiff,<br><br>- against -<br><br>**FIRST AMERICAN TITLE INSURANCE COMPANY,**<br><br>Defendant. | Civil Action No. 3:06 cv 765 (AWT) |

| | |
|---|---|
| **SALVATORE J. LENTINI, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>- against -<br><br>**FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK,**<br><br>Defendant. | Civil Action No. 3:06 cv 572 (AWT) |

**ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

This matter is before the Court on the Joint Motion for Preliminary Approval of Settlement filed by all parties seeking approval under Rule 23(f) of a class action settlement between Plaintiff Joan Piazza, on her own behalf and on behalf of the

Class defined below, and Plaintiff Salvatore Lentini, on his own behalf and on behalf of the Class defined below (hereafter collectively referred to as "Plaintiffs"), and Defendants First American Title Insurance Company ("First American") and Fidelity National Title Insurance Company ("Fidelity") (hereafter collectively referred to as "Defendants").

After reviewing the Settlement Agreement, including Exhibits A through J attached thereto, the Parties' Joint Motion for Preliminary Approval of Settlement, and Plaintiffs' supporting memorandum, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all Class Members.

3. The Actions are hereby consolidated solely for the purposes of determining whether to approve the Settlement and, if approved, implementing the Settlement.

4. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and for purposes of the Settlement only, this action is hereby certified as a class action on behalf of the following Class:

> All persons who, during the Class Period refinanced
> mortgages on residential property in Connecticut and
> (1) paid an amount more than the refinance rate for
> a lender's title insurance policy issued by one of
> Defendants during the Class Period but could have
> qualified for the refinance rate because they had
> (2) a prior insured mortgage (3) within the previous
> ten years (4) on the same premises with (5) no
> change in the ownership of the premises since the
> prior insured mortgage (other than the addition or
> deletion of a family member).

The "Class Period" is May 18, 2000 through January 16, 2007 for First American and April 14, 2000 through September 26, 2006 for Fidelity.

5. Solely for the purposes of the Settlement, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (i) the Class Members are so numerous that joinder of all Class Members is impracticable; (ii) there are questions of law and fact common to the Members of the Class; (iii) the claims of Plaintiffs are typical of the claims of the Class Members; (iv) Plaintiffs will fairly and adequately represent the interests of the Class; (v) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (vi) certifying the Class in this Action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Pursuant to Fed. R. Civ. P. 23, the Court appoints Plaintiffs as class representatives for all purposes. Pursuant

to Rule 23(g), the Court appoints Motley Rice LLC, Ulmer & Berne LLP, Sonkin & Koberna Co., L.P.A., Gilbert Randolph LLP, and Consumer Law Group, LLC and any attorneys at those firms assisting in the representation of the Class in these Actions as counsel for the Class ("Class Counsel"). Notice of this Order certifying the Class for the purposes of the Settlement shall be provided to all Class Members, as detailed below.

7. The Court finds that: (i) the proposed Settlement Agreement resulted from extensive arm's-length negotiations, including a two-day mediation before a nationally recognized mediator; (ii) the proposed Settlement was concluded only after counsel for all Parties had conducted adequate investigation; and (iii) the terms of the proposed Settlement as evidenced by the Settlement Agreement are sufficiently fair, reasonable, and adequate to warrant sending the Notice of Class Action Settlement in the form attached as Exhibits C, D and E to the Settlement Agreement and holding a full hearing on the proposed Settlement. Accordingly, the Court grants preliminary approval of the Settlement.

8. The Notices of Class Action Settlement attached to the Settlement Agreement as Exhibits C, D, and E and the Proof of Claim Forms and Releases attached to the Settlement Agreement as Exhibits F, G, H, I and J are approved, subject to the correct case number being used for the Lentini action and to any

4

amendment required to conform them to this Order.  The Court finds that these documents adequately advise Class Members of their rights under the terms of the Settlement and therefore meet the requirements of due process and of the Federal Rules of Civil Procedure.

9. Analytics Inc. is approved as the Claims Administrator.

10.    Within ten (10) days after the entry of this Order, Defendants shall deliver to the Claims Administrator and Class Counsel the names and addresses of all individuals in Defendants' automated systems identified as likely to qualify as Class Members.

11.    Within thirty (30) days after the entry of this Order, (i) the Claims Administrator shall mail to Class Members the direct mail form Notice of Class Action Settlement attached to the Settlement Agreement as Exhibits C and D; (ii) the Claims Administrator shall publish the publication form of Notice of Class Action Settlement attached to the Settlement Agreement as Exhibit E, at least once but no more than twice, in the following newspapers:  The Advocate, The Connecticut Post, New Haven Register, Republican-American, The Middletown Press, The New London Day, The Norwich Bulletin, The Chronicle, The Hartford Courant, and The Register Citizen; and (iii) the Claims Administrator shall publish on the Worldwide Web in a format

approved by Class Counsel and counsel for Defendants an informational website that explains the Settlement, gives answers to frequently asked questions, and provides links to the mailed Notice, Settlement Agreement, and other court documents. Publication in any weekly publications shall follow within seven days. At or before the Final Settlement Hearing, the Claims Administrator shall file with the Court a proof of mailing of the direct mail notice, a proof of publication of the publication notice, and a proof of publication of the website notice (verification by affidavit is acceptable).

      12.    Any Class Member who wishes to opt out or request exclusion from the Class must send a letter by first-class mail specifically stating that he/she wants to be excluded from the Settlement, that he/she does not wish to be a Settlement Class member, and that he/she elects to be excluded from any judgment entered pursuant to the Settlement Agreement. The person requesting such exclusion must include his/her name, address, and the telephone number. Further, the request for exclusion must be signed, and it must be postmarked on or before November 24, 2008 to:

    Analytics Incorporated
    18750 Lake Drive East
    Chanhassen, MN 55317

Any Class Member who does not opt out in the time and manner provided above shall be deemed to have waived his/her right to

opt out and shall be bound by the terms of the Settlement Agreement.

13.  The Notice shall provide that Class Members who wish to object to the Settlement must file with the Court and serve on Class Counsel and Defendants' Counsel a written statement specifically identifying their objection(s) to the Settlement.  If a Class Member wants to appear at the Final Settlement Hearing and be heard with respect to his/her objection(s), he/she must file with the Court and serve on Class Counsel and Defendants' Counsel a written notice of his/her intention to appear at the Final Settlement Hearing and object. The Notice shall provide that such written statement and notice must be filed with the Court and served on counsel for the Parties within ninety (90) days after this Order.  Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  If a Class Member hires an attorney to represent him/her, at the Class Member's own expense, that attorney must file a notice of appearance with the clerk of the Court and must serve copies on Class Counsel and counsel for Defendants no more than ninety (90) days after this Order.

14.  Class Members who wish to receive a Settlement

Payment under the Settlement must complete and return a timely Proof of Claim Form and Release in the appropriate form attached to the Settlement Agreement to the Claims Administrator in the manner provided in the Settlement Agreement. The deadline for submitting Claims shall be 60 days from the date of the Notices.

15. Plaintiffs and Class Counsel shall file and serve upon Defendants' Counsel all papers in support of their request for final approval at least seven (7) days before the Final Settlement Hearing.

16. A Final Settlement Hearing shall be held in this Court on January 6, 2009 at 9:30 A.M. to determine (i) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (ii) whether the Actions should be dismissed with prejudice as to Defendants pursuant to the terms of the Settlement Agreement; (iii) whether the Class Members should be bound by the release of the Class Released Claims set forth in Section III.D of the Settlement Agreement; (iv) the amount of Class Counsel's Fees and Plaintiffs' Expenses to be awarded Class Counsel; (v) the amount of any Class Representative Enhancement; and (vi) any other matter that may be relevant to the Settlement. The Final Settlement Hearing may be continued without further mailed notice to the Class.

17. This Order shall become null and void, and

shall be without prejudice to the rights of the Parties, all of whom are restored to their respective positions existing immediately before this Court entered this Order, if: (i) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (ii) the proposed Settlement is terminated in accordance with the Settlement Agreement or does not become effective under the terms of the Settlement Agreement for any other reason.  In such event, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission or confession by the Parties of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Actions shall stand in the same position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and this Order shall not be construed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing, breach or liability, nor shall the Order be construed or used as an admission, concession or declaration by or against Plaintiffs or the Class Members that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or

unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

18. The Actions are hereby stayed, and pursuant to Section III.K.2. of the Settlement Agreement, such Stay shall remain in effect until one of the following events occurs: (i) the Final Settlement Date as defined in Section II.P. of the Settlement Agreement; or (ii) one of the parties voids the Settlement Agreement pursuant to Section III.E(5). Class Members are hereby enjoined from proceeding with any claims against Defendants within the scope of the release in Section III.D of the Settlement Agreement.

IT IS SO ORDERED.

Dated this 26th day of August, 2008 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge